UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JOSEPH SOILEAU JR.**, individually and on behalf of all others similarly situated | § § § § | |
| Plaintiff, | § § | CASE NO. 4:20-cv-03853 |
| v. | § § § § | |
| **LATTIMORE MATERIALS CORP.** | § § | **COLLECTIVE ACTION** |
| Defendant | § § | |

## ORIGINAL COMPLAINT

### SUMMARY

1.  Plaintiff Joseph Soileau Jr. ("Soileau" or "Plaintiff") files this Original Collective Action Complaint against Defendant Lattimore Materials Corporation. ("Lattimore" or "Defendant") to recover the unpaid overtime wages owed to Defendant's workers under the Fair Labor Standards Act ("FLSA"). As shown below, Lattimore failed to compensate Soileau and all other similarly situated hourly employees at their concrete plants using an overtime rate derived from a formula based on all remuneration received. Instead, of using all remuneration received to calculate Plaintiff's regular and overtime rate of pay, Lattimore improperly excluded certain non-discretionary bonuses from the calculations, thereby depriving Plaintiff and all those similarly situated of overtime pay at an appropriate rate of pay.

### JURISDICTION & VENUE

2.  This Court has jurisdiction over the subject matter of this action under 29 U.S.C. 216(b) and 28 U.S.C. § 1331.

3.  Venue is proper under 28 U.S.C. § 1391 since a substantial part of the events

giving rise to this claim occurred in this District and because Lattimore maintains corporate offices in this District.

## PARTIES

4. Soileau was employed by Defendant during the relevant statutory time period as an hourly employee. He regularly worked in excess of 40 hours a week without receiving overtime pay calculated at a rate based on all remuneration received. His written consent is attached as Exhibit A.

5. Soileau brings this action on behalf of himself and all other similarly situated hourly employees under §16(b) of the FLSA 29 U.S.C. §216(b) (the "FLSA Class"). The FLSA Class was subjected to the same FLSA violations as Soileau and is properly defined as:

> **ALL CURRENT AND FORMER HOURLY EMPLOYEES OF LATTIMORE MATERIALS COMPANY., DURING THE PAST THREE (3) YEARS THAT RECEIVED HOURLY PAY AND A NON-DISCRETIONARY BONUS. ("Putative Class Members")**

The members of the FLSA Class are easily ascertainable from Defendant's business records, particularly personnel records.

6. Lattimore is a Domestic For-Profit Corporation doing business in Texas and throughout the United States. It may be served through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## FACTUAL ALLEGATIONS

7. Soileau and all those similarly situated to him worked for Defendant as hourly employees. Soileau and all those similarly situated to him regularly worked in excess of 40 hours a week.

8. Soileau and all those similarly situated to him were eligible to receive and did

in fact receive non-discretionary bonuses. These non-discretionary bonuses consisted of, but were not limited to, Safety Bonuses and/or Performance Bonuses.

9. Under the FLSA, Lattimore was required to include these non-discretionary bonuses in calculating the Putative Class Members regular rate of pay for overtime purposes. 29 U.S.C. §207(e); 29 C.F.R. §778.209. However, Lattimore improperly excluded these non-discretionary bonuses from the regular rate of pay, and as a result Plaintiff and the Putative Class Members were not paid overtime at the proper overtime rate required by federal law.

## COLLECTIVE ACTION ALLEGATIONS

10. Soileau brings this claim under the FLSA as a collective action.

11. The members of the FLSA Class are similarly situated in all relevant respects. While their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime. They are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Because Lattimore excluded non-discretionary bonuses from the regular rate of pay for all hourly employees who worked at the plants, Soileau and all of the Putative Class Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

12. Absent a collective action, many members of the Putative Class likely will not obtain redress of their injuries and Defendant will retain the proceeds of its violations of the FLSA.

13. Furthermore, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

## CAUSE OF ACTION
**Violation of the FLSA**

14. Soileau incorporates the preceding paragraphs by reference.

15. At all relevant times, Defendant has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

16. Defendant employed Soileau and each member of the Putative Class.

17. Defendant's pay policy denied Soileau and the Putative Class Members overtime compensation at a rate based on all remuneration received as required by the FLSA.

18. Defendant's failure to pay Soileau and the Putative Class Members overtime at rates not less than one and one-half times their proper regular rate violates 29 U.S.C. § 207.

19. The foregoing conduct constitutes a willful violation of the FLSA. Due to Defendant's FLSA violations, Soileau and the Putative Class Members are entitled to recover from Defendant their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

## PRAYER

**WHEREFORE**, Joseph Soileau Jr. prays for relief as follows:

1. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

2. Judgement against Defendant, Lattimore, awarding Plaintiff and the other FLSA Collective members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs and expenses under the FLSA;

3. Pre- and post-judgment interest at the highest rate allowable by law; and

4. All such other and further relief to which Plaintiff and the other FLSA Collective may show themselves to be justly entitled.

Respectfully Submitted,

/s/ Trang Q. Tran
Trang Q. Tran
TRAN LAW FIRM
2537 S. Gessner, Suite 104
Houston, Texas 77063
Telephone: (713) 223-8855
trang@tranlf.com
service@tranlf.com

*Attorney for Plaintiff and the Putative Collective*